JOHN J. DARCY, PROSECUTOR, v. TOWN OF WESTFIELD
ET AL., DEFENDANTS.

Argued February 19, 1924—Decided May 27, 1925.

**Officers—Dismissal of Policeman—Motion to Dismiss Writ of Certiorari for Want of Prosecution—Alleged Failure to Prosecute Writ Based on Technical Ground That Return Was Improper, in That Stenographer Had Not Been Legally "Designated" According to Statute—Prosecutor's Contention as Well as His Entire Case Without Apparent Merit, and Writ Will be Dismissed.**

Before Justices KALISCH, KATZENBACH and LLOYD.

For the prosecutor, *Martin P. O'Connor.*

For the defendants, *Paul Q. Oliver.*

PER CURIAM.

This is a motion to dismiss a writ of *certiorari* brought by Darcy to test the validity of his dismissal from the police force of the town of Westfield, for want of prosecution, in that the case was not noticed for trial at the February, 1924, term of the court. The only excuse given by the prosecutor for the failure to notice the case is that he desired to, and now does, move to strike from the return to the writ all the testimony taken at his trial before the town council on the ground that the stenographer who took the testimony was not "designated" as required by the act of April 15th, 1914, which requires that "when the evidence given at the trial or proceeding under review shall have been reported stenographically by a competent stenographer designated by the court, official tribunal, board or governing body before whom such trial or proceeding shall be had, the official or court making return to said writ shall certify and send to the reviewing court * * * said transcript." The evidence taken by the council seems to have been reported by William C.

O'Brien, a court reporter, at the instance of the chairman of the town council, and is certified by him and by the other respondents as correct. Whether under these circumstances the designation by the chairman complies in strictness with the requirements of the statute, or whether under the return it was necessary to have any designation, we are not disposed to afford the prosecutor the relief he asks in view of the unsubstantial and highly technical nature of the grounds upon which the motion to strike out the testimony is based, nor to consider the motion to strike out a sufficient excuse for the failure to properly notice the case for argument. An examination of the return affords conclusive justification of the action of the council in dismissing the prosecutor from his office as a policeman.

The motion to dismiss the writ of *certiorari* will be allowed.